E-FILED
Wednesday, 08 December, 2021  07:55:07 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-30014 |
| | ) | |
| THEODORE RICHARD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, United States District Judge:

Theodore Richard again moves for compassionate release or, alternatively, a reduction in sentence.

## I. BACKGROUND

In an Opinion and Order entered on August 5, 2020, the Court denied Defendant Theodore Richard's motion for compassionate release.  Richard renews his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  Alternatively, Richard seeks a reduction of 18 months so that he can soon be eligible for home confinement under internal Bureau of Prisons policy.

Richard, a 67-year old African-American, is housed at Terre Haute FCI with a projected release date of August 30, 2025.  In support of his motion, Richard cites his underlying health conditions along with his age and race as extraordinary and

compelling reasons in support of compassionate release.  Specifically, Richard points to a new diagnosis of type 2 diabetes and the increasing spread of COVID-19 throughout FCI Terre Haute at the time of the motion.

At Terre Haute FCI, one inmate and two BOP staff members are currently positive for COVID-19.  www.bop.gov/coronavirus (last visited December 6, 2021). Four inmates have died due to COVID-19, while 346 inmates and 177 BOP staff members have recovered from COVID-19.  *See id*.

## II. DISCUSSION

### (A)

Under the First Step Act, signed into law on December 21, 2018, defendants may file motions for compassionate release after first exhausting administrative remedies within the BOP.  *See* 18 U.S.C. § 3582(c)(1)(A).  The law provides the sentencing judge with jurisdiction to consider a defense motion for reduction of sentence based on "extraordinary and compelling" reasons whenever "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]."  *See*  18 U.S.C. § 3582(c)(1)(A).  If properly invoked by the Government, the exhaustion requirement must be enforced.  *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

2

Although Richard did exhaust his administrative remedies prior to filing his initial motion for compassionate release, both the Government's response in opposition to Richard's motion and the Probation Office's Compassionate Release Recommendation Report provide that Richard did not submit a reduction in sentence request to the warden before filing the instant motion.  It thus appears that Richard's motion must be dismissed on the basis that he has not met the statutory exhaustion requirement of § 3582(c)(1)(A).

The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the sentencing factors of 18 U.S.C. § 3553(a) when deciding compassionate release motions.  *See* 18 U.S.C. § 3582(c)(1)(A).

Because the Sentencing Guideline policy statement has not been updated since passage of the First Step Act to reflect that defendants (and not only the BOP) may move for compassionate release, there is no "applicable" policy statement concerning the expanded compassionate-release provision.  *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).  "The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner who is outside the scope of § 3582(c)(1)(A)(ii)."  *Id.*  Until U.S.S.G. § 1B1.13 is amended, there is not an "applicable" policy statement for courts to rely on in considering prisoner-initiated applications for compassionate release.  *See id.* at 1181.  The Court

also is not bound by BOP's Compassionate Release/Reduction in Sentence Procedures under Section 571.61(3), which limits BOP's reduction in sentence consideration to "inmates who have been diagnosed with a terminal, incurable disease whose life expectancy is eighteen (18) months or less, and/or has a disease or condition with an end-of-life trajectory under 18 U.S.C. § 3582(d)(1)."

(B)

Even if Richard has met the statutory exhaustion requirement, it appears unlikely he could establish extraordinary and compelling reasons which would warrant immediate release. Since Richard's motion was fully briefed, COVID-19 vaccines have become readily available in federal prisons. The BOP has received 293,414 doses and administered 262,650 doses of the COVID-19 vaccine. www.bop.gov/coronavirus (last accessed December 6, 2021).

The widespread availability of vaccines for COVID-19 within the Bureau of Prisons likely "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." *Id.* Moreover, "vaccines provide a much better defense against infection

4

than any judicial order could do." *United States v. Ugbah*, 4F.4th 595, 597 (7th Cir. 2021).

It is unclear whether Richard has received the COVID-19 vaccine. However, Richard has not shown that the existence of COVID-19 when combined with his age, medical conditions and race constitute "extraordinary and compelling" reasons justifying his immediate release or a sentence reduction. Given the improved conditions at Terre Haute FCI and the availability of the COVID-19 vaccine, the Court concludes that compassionate release is not warranted.

Ergo, Defendant Theodore Richard's Second Motion for Compassionate Release or, alternatively, Motion for Reduction in Sentence [d/e 112] is DENIED.

ENTER: December 6, 2021

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge